### PLUMMER v. BANKERS' SURETY CO. et al.

(Supreme Court, Appellate Term.    December 11, 1906.)

1. AUCTIONS AND AUCTIONEERS—PROCEEDS OF SALE—PAYMENT—BOND.
  Where plaintiff's goods were sold by certain auctioneers, it was their duty to pay over the proceeds of the sale, and their default in so doing constituted a breach of their bond, creating an immediate liability thereon.
  [Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Auctions and Auctioneers, § 12.]

**2. SAME—DEMAND.**
     Where, after a sale of plaintiff's silverware by defendants, as auction-
     eers, plaintiff asking for the proceeds of the sale, her request constituted
     a sufficient demand to put the auctioneers in default for failure to pay
     over the amount due.

Appeal from Municipal Court, Borough of Manhattan, Ninth Dis--
trict.

Action by Eugenie Plummer against the Bankers' Surety Com-
pany and another. From a Municipal Court judgment in favor of de-
fendant surety company, plaintiff appeals. Reversed, and new trial or-
dered.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

William D. Sporborg, for appellant.

White & Blackford, for respondent.

FITZGERALD, J. Action upon the statutory bond of an auction-
eer, which bond was in full force in December, 1904, at which time
George E. Shaw and George Plummer were engaged in a co-partner-
ship for the purpose of selling goods as auction. Plaintiff's silverware
was sold at their sales, at one of which she was present, and about the
sum of $200 was realized from the sale of her property. This money
has not been paid over, and action is brought against the surety to re-
cover upon the bond for the alleged breach of the principals' contract.
At the close of plaintiff's case, upon motion, judgment for defendant
was granted, which ruling was duly excepted to, and the correctness of
that ruling is challenged upon this appeal.

No reasons were given for the court's decision, but we think we are
justified in assuming that it was based upon an assumption by the learn-
ed trial justice that as matter of law demand upon the principal should
have been pleaded and proven as a condition precedent to the enforce-
ment of liability of surety, and as matter of fact that no such de-
mand was made. It was incumbent upon the auctioneers to pay over to
their consignor the proceeds of the sale, and upon their default in this
respect the condition of the bond was violated, and the liability of the
obligor immediately attached. Gregory v. United States Fidelity Co.,
45 Misc. Rep. 113, 91 N. Y. Supp. 595; Eppstein v. Same, 29 Misc. Rep.
298, 60 N. Y. Supp. 527; Wilson v. Field, 27 Hun, 47. These cases ap-
pear to be authority for the proposition that demand was not necessary,
and appellant has not called our attention to any decisions holding to the
contrary, but, assuming that it was necessary, the uncontradicted testi-
mony is that the money was asked for. It may well be that the alleged
dual agency of plaintiff's husband places him in a peculiar position, and
were he to assert a claim against either of the alleged principals public
policy upon the establishment of such fact would bar recovery. These
statutory principles may not, however, be invoked to defeat plaintiff's
claim; for as to her no question of agency arises.

Judgment reversed, and new trial ordered, with costs to appellant to
abide the event. All concur.